# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LARRY D. HALL,**

    **Petitioner,**

    **v.**                                      **CIVIL ACTION NO. 1:04CV256**
                                                          **(Judge Stamp)**

**THOMAS McBRIDE, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION/OPINION

## I. INTRODUCTION

On December 15, 2004, the *pro se* petitioner, Larry D. Hall, an inmate at the Mount Olive Correctional Center, filed a Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody. Because it appeared the petitioner's petition may be untimely, by Order entered on January 14, 2005, the Court warned the petitioner that his §2254 petition would be recommended for dismissal unless he could demonstrate that the petition was timely filed. On January 25, 2004, the petitioner responded to the Court's Order.

Thus, this matter, which is pending before me for initial review and report and recommendation pursuant to LR PL P 83.13, is ripe for review.

## II. PROCEDURAL HISTORY

According to the petitioner's §2254 petition, he was convicted on March 2, 1996, of first degree murder. He was sentenced to life imprisonment without mercy. The petitioner filed a direct appeal from his conviction and sentence. His direct appeal was refused on March 12, 1997. The petitioner did not file a petition for certiorari.

The petitioner states he filed his original post-conviction state habeas corpus petition on April 1, 1998. Also, on April 2, 1998, he filed a §2254 petition in this Court, which was dismissed on April 10, 1998, for failure to exhaust his state remedies. (Case no. 1:98cv52).[1] With regard to his state habeas petition, on July 23, 1998, the Circuit Court of Taylor County ordered the appointment of counsel. On May 30, 2000, his counsel filed an amended petition, and on July 16, 2001, counsel filed a supplemental petition. On September 17, 2002, the Circuit Court of Taylor County denied the petitioner's habeas petition with prejudice. By letter dated April 10, 2003, the petitioner's attorney advised him as follows:

> I did not send you the draft petition because I learned since last speaking with you the next step in your process is not an original habeas corpus proceeding before the West Virginia Supreme Court of Appeals but instead a direct appeal of the Circuit Court's denial of your habeas corpus petition. Rory Perry, Clerk of the Supreme Court informed me of this. He agreed that the rules are somewhat confusing, but by proceeding with a direct appeal, we preserve for you the maximum number of possible bites at the apple for relief. If you do not get full relief from the appeal, then you file the original habeas petition with the Supreme Court.

On May 14, 2003, the petitioner appealed the denial of his state habeas petition. The petitioner states that on March 23, 2004, the West Virginia Supreme Court refused his petition for appeal.[2] Thereafter, by letter dated September 17, 2004, the petitioner request that Judge Moats of the Circuit Court of Taylor County, appoint counsel for him to continue with his habeas corpus proceedings. Judge Moats' law clerk advised the petitioner by letter dated September 30, 2004 that he needed to request appointment of counsel through the federal court system to file a habeas writ

---

[1]The Court also denied the petitioner's request to hold his §2254 petition in abeyance because "28 U.S.C. §2244(d)(2) tolls the one year period during the pendency of the state habeas proceeding."

[2]The November 1, 2004, letter from Judge Moats indicates the appeal was refused on October 29, 2003. Additionally, the website for the West Virginia Supreme Court of Appeals indicates that the petitioner's petition for appeal was refused on October 29, 2003.

2

in federal court. Then, by letter dated October 5, 2004, the petitioner again requested that Judge Moats appoint counsel for him. By letter dated November 1, 2004, Judge Moats asked the Supreme Court to consider the petitioner's letters as he had disqualified himself from handling the matter as he was the prosecuting attorney in the petitioner's criminal case. By order entered on November 12, 2004, the Supreme Court ordered Judge David Janes of the 16th Judicial Circuit to consider the matter. By letter dated December 1, 2004, Judge Janes advised the petitioner that his next available course of action was to proceed in federal court. Subsequently, the petitioner filed a petition in this Court.

### III. ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d).[3]

Section 2244 provides that the period of limitation will begin to run from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[3] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998), cert denied, 523 U.S. 371 (1998). Thus, the AEDPA applies to this petition.

3

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir.2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

Generally, subsection A determines whether a §2254 petition is timely. However, because the petitioner alleges in his response to the Court's Hill v. Braxton Notice that the state created an impediment to his filing a §2254 petition, the undersigned has also determined whether the petition is timely under subsection B.

According to the petitioner's §2254 petition, he was convicted on March 2, 1996, of first degree murder. The petitioner filed a direct appeal from his conviction and sentence. His direct appeal was refused on March 12, 1997. The petitioner did not file a petition for certiorari. If no petition for a writ of certiorari is filed in the United States Supreme Court, then the limitation period begins running when the time for doing so--90 days--has elapsed. Braxton, 277 F. 3d at 705. Thus, the petitioner's conviction became final on June 10, 1997, and he had one year from that date, or until June 10, 1998, to file a §2254 petition. However, the petitioner did not file his §2254 petition until December 15, 2004.

However, the undersigned notes that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2); Harris, 209 F. 3d at 327.

The petitioner states that he filed his state habeas petition on April 1, 1998. At that point, 295 days had already run on his statute of limitations. Thus, he had 70 days remaining on his statute

4

of limitations. During the time his state habeas petition was pending, the statute of limitations was tolled. However, the statute of limitations restarted on March 24, 2004, and ran until it expired on June 3, 2004. The petitioner did not file a §2254 petition until December 15, 2004, approximately 6 months after the statute of limitations had expired. Thus, the petitioner's petition is untimely under subsection A.

The undersigned further finds that the petitioner's petition is untimely under subsection B because the petitioner's allegation that the State created an impediment to his timely filing a §2254 petition is without merit.

The petitioner asserts that based on advice from counsel, he believed that after the West Virginia Supreme Court refused to review the habeas appeal, the next step was for him to file an original petition with the West Virginia Supreme Court. He states he also wrote two letters to the Circuit Court of Taylor County requesting appointment of counsel to file an original petition. On December 1, 2004, he was advised that all of his state remedies were exhausted and that the next step was for him to file a §2254 petition in federal court. The facts as the petitioner alleges do not reveal that the State impeded the petitioner's ability to file a timely §2254 petition.

The undersigned has also considered whether the petitioner has set forth sufficient grounds to toll the statute of limitations.

The AEDPA statute of limitations is subject to equitable modifications such as tolling. <u>Harris v. Hutchinson</u>, 209 F.3d 325, 328-29 (4th Cir. 2000). "Equitable tolling is available only in 'those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.' Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1)

extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(internal citations omitted).

Courts have held that a lawyer's mistake or negligence is not justification for equitable tolling. See Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999) (holding that attorney's mistake in calculating limitations periods did not toll the one year statute of limitations); Sandvik v. United States, 177 F.3d 1269, 1271-72 (11th Cir. 1999) (holding that no grounds for equitable tolling existed when the delay occurred because Sandvik's attorney mailed the §2255 petition by ordinary mail instead of express mail); Gilbert v. Secretary of Health and Human Services, 51 F.3d 254, 257 (Fed. Cir. 1995)(holding that the negligence of Gilbert's attorney in reading the applicable statute did not justify equitable tolling). Harris v. Hutchinson, 209 F.3d 325, 331 (4th Cir.2000)(holding that "a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding.)

Accordingly, the advice from the petitioner's attorney that the next step in the habeas process was to file an original petition with the West Virginia Supreme Court does not constitute an extraordinary circumstance to justify tolling the statute of limitations. Therefore, the undersigned finds that there are no grounds for equitable tolling and the petitioner's §2254 petition is untimely.

## IV. RECOMMENDATION

It is recommended that the petitioner's §2254 petition be denied as untimely and DISMISSED WITH PREJUDICE.

Any party may file, within ten (10) days after being served with a copy of this

Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation.[4]

The Clerk of the Court is directed to mail a copy of this Report and Recommendation/Opinion to the *pro se* petitioner.

Dated: July 25, 2005

/s *John S. Kaull*
**JOHN S. KAULL**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).