IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LARRY D. HALL,

    Petitioner,

v.                                   Civil Action No. 1:04CV256
                                             (STAMP)
THOMAS McBRIDE, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I. Procedural History

The pro se petitioner, Larry D. Hall, an inmate at the Mount Olive Correctional Center, was convicted on or about March 2, 1996 of first degree murder in the Circuit Court of Taylor County, West Virginia and was sentenced to life imprisonment. The petitioner filed a direct appeal from his conviction and sentence to the West Virginia Supreme Court of Appeals. The direct appeal was refused on or about March 12, 1997. On or about April 1, 1998, the petitioner filed a petition in state court for a writ of habeas. Contemporaneously, the petitioner also filed a § 2254 petition in this Court, which was dismissed on April 10, 1998 for failure to exhaust state remedies. On September 17, 2002, the Circuit Court of Taylor County denied the petitioner's state habeas petition with prejudice. On or about May 14, 2003, the petitioner appealed the

denial of his state habeas petition and the appeal was refused on October 29, 2003.[1]

On December 15, 2004, the petitioner filed the instant petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. The matter was referred to United States Magistrate Judge John S. Kaull for an initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.13. Because it appeared that the petition was untimely, the Court entered an order warning the petitioner that his § 2254 petition would be recommended for dismissal unless he demonstrated that the petition was timely filed. The petitioner responded to the Court's order. Thereafter, Magistrate Judge Kaull issued a report and recommendation recommending that the petitioner's § 2254 application be denied as untimely. The petitioner filed objections.

II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Orpiano v. Johnson, 687

---

[1] The petitioner claims in his petition that the appeal was refused on March 23, 2004.

F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because objections have been filed in this case, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

III. Discussion

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, there is a one-year limitation period within which any federal habeas corpus motion must be filed. 28 U.S.C. § 2244(d). The magistrate judge applied the statue of limitations to the present case and found that the petitioner does not meet any of the following four limitation periods provided in § 2244(d):

> The limitation period shall run from the last of:
>
> A.  the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B.  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such State action;
>
> C.  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D.  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). Specifically, the magistrate judge found that subsections (A) and (B) are applicable to this action and that the

3

petitioner failed to meet the deadline established by either subsection.

The petitioner does not object to the magistrate judge's conclusion that his petition is untimely pursuant to subsection (A) and this Court finds no clear error in that conclusion.[2] Rather, the petitioner refutes the magistrate judge's finding that the State did not create an impediment, as described in subsection (B), to the filing of his § 2254 petition.

Specifically, the petitioner contends that both his attorney and the Clerk of the West Virginia Supreme Court of Appeals misinformed him regarding the procedure for filing a timely § 2254 petition in federal court. The petitioner argues that to hold him accountable for his attorney's actions would violate his constitutional right to due process, equal protection and effective assistance of counsel.

---

[2] The petitioner's conviction became final on June 10, 1997, 90 days from the date that his direct appeal was refused by the West Virginia Supreme Court of Appeals. Thus, the statute of limitations for filing a federal habeas corpus petition began to run on June 10, 1997. When the petitioner filed his state habeas corpus petition on or about April 1, 1998, 295 days had run on the statue of limitations. During the time his state petition was pending, the statute of limitations was tolled. However, the statute of limitations restarted when the West Virginia Supreme Court of Appeals refused the petitioner's appeal of the denial of his state habeas petition. Even giving the petitioner the benefit of the March 23, 2004 date upon which he claims his appeal was refused, the remaining 70 days for filing a federal habeas corpus petition expired in June 2004. The petitioner did not file the instant petition until December 15, 2004, six months after the statute of limitations expired.

The petitioner's objection is without merit. This Court does not believe that the petitioner has alleged facts which establish that he was so inhibited by a state action that he was unable to file a § 2254 petition within the limitations period. Even assuming that the Clerk of the West Virginia Supreme Court of Appeals misinformed the petitioner's attorney as to the next step in seeking habeas corpus, this misinformation does not constitute the type of impediment contemplated § 2244(d)(1)(B) because the information did not prevent the petitioner from filing a timely petition (i.e. the petitioner was not required to rely on such information).

Furthermore, this Court agrees with the position of the magistrate judge that the facts alleged by the petitioner do not support equitable tolling. As a general rule, a lawyer's mistake or negligence does not justify equitable tolling. See <u>Taliani v. Chrans</u>, 189 F.3d 597, 598 (7th Cir. 1999) (holding that attorney's mistake in calculating limitations periods did not toll the one year statute of limitations); <u>Sandvik v. United States</u>, 177 F.3d 1269, 1271-72 (11th Cir. 1999) (holding that no grounds for equitable tolling existed when the delay occurred because Sandvik's attorney mailed the § 2255 petition by ordinary mail instead of express mail); <u>Gilbert v. Sec'y of Health and Human Servs.</u>, 51 F.3d 254, 257 (Fed. Cir. 1995)(holding that the negligence of Gilbert's attorney in reading the applicable statute did not justify

5

equitable tolling); Harris v. Hutchinson, 209 F.3d 325, 331 (4th Cir. 2000)(holding that "a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding."). The petitioner argues that the above cases, also cited by the magistrate judge on this point, are distinguishable because in none of those cases was an attorney acting in reliance upon the advice of a Clerk of Court. Although the petitioner correctly notes a distinction in the facts between his case and the cited authority, this Court finds that the distinction does not compel a different result. Again, the petitioner and his attorney were not required to rely on any informal information allegedly provided by the Clerk of the West Virginia Supreme Court of Appeals. Indeed, the alleged misinformation provided in an informal phone conversation with the Clerk did not create "extraordinary circumstances" beyond the petitioner's control that made it impossible for him to file a petition on time. See Harris, 209 F.3d at 330.

Finally, the petitioner contends that on April 2, 1998, he filed a § 2254 petition in this Court that was dismissed on April 10, 1998 for failure to exhaust administrative remedies. The petitioner argues that some of the grounds in the April 2, 1998 petition were ripe for review and that this Court should consider

as timely those grounds in the original petition which had previously been exhausted. This objection is unavailing. Assuming for the sake of argument that the petitioner's April 2, 1998 petition included both exhausted and unexhausted claims, the claims in his current petition cannot be deemed to relate back to the date of his original petition. The "'relation back' doctrine is inapplicable when the initial habeas petition was dismissed, because there is nothing to which the new petition could relate back." Warren v. Garvin, 219 F.3d 111, 114 (2d Cir. 2000); see also March v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)("We therefore join with all the circuit courts which have addressed this issue, and hold that a habeas petition filed after a previous petition has been dismissed without prejudice for failure to exhaust state remedies does not relate back to the earlier petition."). Accordingly, the petitioner's § 2254 application must be denied as untimely.

### III. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the petitioner's objections to the report and recommendation lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation. Accordingly, it is ORDERED the petitioner's § 2254 petition be DENIED as untimely and DISMISSED WITH PREJUDICE. It is

further ORDERED that this case be DISMISSED with prejudice and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the plaintiff may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: October 22, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE